## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 13 |
| DAVID J. BUCHANAN, | ) |
| | ) Case No. 04-12419-JKF |
| Debtor. | ) |
| --------------------------------------------------------------- | ------------------------------------------------------------- |
| DAVID J. BUCHANAN, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civ. No. 13-193-SLR |
| | ) |
| TRUSTEE MICHAEL B. JOSEPH, | ) |
| | ) |
| Appellee. | ) |

## **MEMORANDUM AND ORDER**

At Wilmington this   $9_{th}$  day of December, 2013, having reviewed the appeal

taken by pro se appellant David J. Buchanan and the papers submitted in connection

therewith, the court issues its decision based on the following reasoning;

1. **Background.**  Appellant David J. Buchanan[1] filed a pro se voluntary petition

under Chapter 13 of the Bankruptcy Code ("the bankruptcy action") on August 24, 2004

in the United States Bankruptcy Court for the District of Delaware.  (B.D.[2] 1)  Appellee,

Michael B. Joseph, Esquire, is the standing Chapter 13 trustee.  On April 14, 2005,

---

[1]Apparently, after filing for bankruptcy, appellant was convicted and sentenced to a term of imprisonment.

[2]References to the bankruptcy court docket.

appellant's former spouse, Barbara H. Richards,[3] moved to dismiss the bankruptcy action. (B.D. 57) A hearing on the motion was conducted on November 21, 2006. (B.D. 167) On December 1, 2006, the bankruptcy court dismissed the case with prejudice and barred refiling for two years. (B.D. 174)

2. Appellant appealed the order and, on September 26, 2007, this court dismissed the appeal and affirmed the bankruptcy court's dismissal order. (*In re Buchanan*, 07-34-SLR (D.I. 34)) From October 2, 2007 through September 1, 2011, appellant filed pleadings and letters requesting either reconsideration of the dismissal order, reopening of the case for relief from judgment.[4] (B.D. 204, 206, 207, 209, 213, 214, 216, 217, 218, 224, 225, 226, 227) The bankruptcy court denied these attempts with five separate orders. (D.B. 205, 208, 211, 215, 220)

3. On September 1, 2011, the bankruptcy court entered an order denying appellant's motion to reopen his Chapter 13 case and permanently enjoined him from filing any other documents with the court in that case. (B.D. 228) In response, appellant filed additional motions requesting relief from the September 1, 2011 order. (B.D. 230, 231, 232, 233)

---

[3]On May 19, 2005, the bankruptcy court granted Ms. Richards' request for relief from the automatic stay in order to pursue matters (emanating from the dissolution of their marriage) in Family Court. (B.D. 46, 68)

[4]During this period, appellant filed a petition under Chapter 12 of the Bankruptcy Code, which was subsequently dismissed. *In re Buchanan*, Bankr. Case No. 07-11647. About a year later, appellant filed another petition under Chapter 12, which was dismissed as well. *In re Buchanan*, Bankr. Case No. 08-13369. Appellant then filed an adversary action against Ms. Richards to avoid the transfer of his interest in a farm they owned. *Buchanan v. Richards*, Adv. Proc. No. 09-50051. The bankruptcy court denied appellant's motion for default judgment on the basis that the bankruptcy case had been dismissed. (*Id.* at 4)

4.  On November 4, 2011, the bankruptcy court entered an order: (1) striking the motions; (2) requiring the clerk of court to reject filings in the case; and (3) notifying appellant of impending sanctions for contempt if he continued to violate the court's order of September 1, 2011.  (B.D. 235)  On November 4, 2011, appellant filed his notice of appeal of the bankruptcy court's November 4, 2011 order and requested permission to proceed in forma pauperis.  (B.D. 236)  On December 5, 2011, the bankruptcy court issued an "order in the form of report and recommendation," wherein the court certified that the appeal was frivolous at best and malicious at worse and recommended denial of the appeal.  (B.D. 242)

5.  On October 1, 2012, this court entered a memorandum order dismissing the appeal, but remanded the matter to the bankruptcy court.  The court concluded that, before the bankruptcy court could impose a filing injunction, an order to show cause hearing was necessary to afford appellant the opportunity to respond to the potential sanctions.  *In re Buchanan*, Civ. No. 11-1227 (D. Del. Oct. 1, 2012).

6.  On October 4, 2012, the bankruptcy court scheduled a rule to show cause hearing to determine why appellant should not be barred from future filings in the bankruptcy action.  (B.D. 248)

7.  From October 18, 2012 to November 30, 2012, appellant filed (in the bankruptcy action) seven pleadings and a proposed findings of fact and conclusions of law.  Appellant also filed a request for mandate of dischargeability of claim.  (B.D. 255)

8.  On December 11, 2012, the bankruptcy court held a hearing, with appellant participating by telephone due to his incarceration in a Delaware state prison.  (D.I. 2-3)  Appellant was afforded the opportunity to respond to the order to show cause.

3

9.  Later that same day, the bankruptcy court issued three orders.  In the first, the bankruptcy court denied appellant's findings of fact and conclusions of law, concluding they were without merit or had already been adjudicated.  (D.I. 2-1)  By separate order, the bankruptcy court dismissed as moot appellant's request for a mandate of dischargeability of claims, finding that the claims were moot "inasmuch as the case was dismissed for failure to present a confirmable plan on December 1, 2006 and dismissal was affirmed on appeal."  (D.I. 2-2)

10.  The bankruptcy court's third order addressed the order to show cause hearing and imposed a permanent injunction on appellant's filing in the bankruptcy action.  (D.I. 2-3 at 1-9)  With meticulous detail, the bankruptcy court outlined the procedural history of the bankruptcy action, as well as the appeals, adversary actions and ancillary hearings resulting therefrom.  The court considered the arguments presented by appellant at the order to show cause hearing and characterized his responses as implicating the "very same issues previously adjudicated" and noted that appellant "presented no justification for reopening [the bankruptcy action] which was dismissed over six years ago . . . ."  (D.I. 2-3 at 9)  Concluding that "there is no purpose in filing further pleadings in this case," the bankruptcy court ordered appellant "permanently enjoined and barred from filing any pleading, letter, document, or other item in this case."  (*Id.* at 10)

4

11. Appellant initiated this appeal[5] on December 20, 2012. (D.I. 2) In his papers, appellant describes with great detail the history of the bankruptcy action and sets forth, what he perceives as, errors and injustices. (D.I. 14) He seeks several forms of relief, including the reopening of the bankruptcy action, a rescinding of all real estate sales conducted, sanctions of all fraudulent creditors and an order to show cause against his ex-wife.

12. In response, the Trustee states that appellant's arguments have been addressed by the bankruptcy court or mooted by the dismissal order of the bankruptcy action. Instead, the narrow issue before the court is whether the permanent injunction was proper. The court agrees. The record demonstrates that the matter at bar emanates directly from this court's October 1, 2013 order of remand with instructions to conduct an order to show cause hearing before imposing a permanent injunction.

13. **Standard of Review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of

---

[5]Appellant has appealed the three orders issued by the bankruptcy court on December 11, 2012, relating to the findings of fact and conclusions of law, mandate of dischargeability and injunction).

those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications*, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

14. **Analysis.** Bankruptcy courts possess "broad equitable power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy] Code." *Johnson v. Home State Bank*, 501 U.S. 78, 88 (1991). However, "[a] pre-filing injunction is the exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution." *Grossberger v. Ruane*, 2013 WL 4406661, *1 (3d Cir. Aug. 19, 2013). In order to impose an injunction, a court must comply with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be afforded notice of the potential injunction and the opportunity to oppose and be heard; and (3) the injunction must be narrowly tailored to the specific circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

15. Considering this authority, the court finds that the bankruptcy court's imposition of the injunction was warranted based on appellant's filing record in this case. First, since the bankruptcy action was closed in 2006, appellant has filed an extraordinary number of pleadings and repeatedly presented the same issues. None of

6

his filings have presented a meritorious basis for reopening the bankruptcy case. (*See* D.I. 2-3 1-10)   Appellant's claims have been considered by the bankruptcy court and affirmed by the district court on appeal.   Nonetheless, appellant relentlessly continues to file repetitive motions even after the bankruptcy action has been closed for over six years.

16.   With respect to opportunity to be heard, the bankruptcy court scheduled an order to show cause hearing and the record reflects that appellant participated by telephone due to his incarceration.   Additionally, appellant responded in writing to the order to show cause with proposed findings of facts and conclusions of law and a request for a mandate.   The record unequivocally demonstrates that appellant was afforded an opportunity to address the court and did, in fact, do so.   Moreover, the bankruptcy court clearly considered his arguments and filings in forming its opinion. (D.I. 2-1. 2-2, 2-3 at 9-10)

17.   With regard to the third requirement necessary before a filing injunction can be imposed, the court finds that the bankruptcy court's injunction is narrowly tailored to fit the circumstances of the case.   Significantly, the injunction is limited to the bankruptcy action and does not implicate other cases that appellant may have pending.

18.   **Conclusion.**   For the reasons stated, the court concludes that the bankruptcy court's decision should be affirmed and appellant's appeal dismissed.   An order shall issue.

7

his filings have presented a meritorious basis for reopening the bankruptcy case. (*See* D.I. 2-3 1-10)   Appellant's claims have been considered by the bankruptcy court and affirmed by the district court on appeal.   Nonetheless, appellant relentlessly continues to file repetitive motions even after the bankruptcy action has been closed for over six years.

16.   With respect to opportunity to be heard, the bankruptcy court scheduled an order to show cause hearing and the record reflects that appellant participated by telephone due to his incarceration.   Additionally, appellant responded in writing to the order to show cause with proposed findings of facts and conclusions of law and a request for a mandate.   The record unequivocally demonstrates that appellant was afforded an opportunity to address the court and did, in fact, do so.   Moreover, the bankruptcy court clearly considered his arguments and filings in forming its opinion. (D.I. 2-1. 2-2, 2-3 at 9-10)

17.   With regard to the third requirement necessary before a filing injunction can be imposed, the court finds that the bankruptcy court's injunction is narrowly tailored to fit the circumstances of the case.   Significantly, the injunction is limited to the bankruptcy action and does not implicate other cases that appellant may have pending.

18.   **Conclusion.**   For the reasons stated, the court concludes that the bankruptcy court's decision should be affirmed and appellant's appeal dismissed.   An order shall issue.

United States District Judge

7